Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

---------------------------------------------------------------------X

GABRIEL MORALES, individually and on behalf of all others
similarly situated,

                            Plaintiff,

    -against-

THE UNIQUE BEGINNING CATERERS LIMITED
LIABILITY COMPANY D/B/A SHAMONG DINER &
RESTAURANT, and MANNY MONTIERO, as an individual,

                            Defendants.

---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL
DEMANDED

1. Plaintiff, **GABRIEL MORALES, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, **GABRIEL MORALES, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT, and MANNY MONTIERO, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT, located at 7 Willow Grove Road, Shamong, New Jersey 08088.

1

3. As a result of the violations of Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), and New Jersey Wage Payment Law ("NJWPL") delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff GABRIEL MORALES residing at 234 North Clifton Avenue, Mount Holly, New Jersey 08060, was employed by Defendants at THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT, from in or around April 2017 until in or around December 2019.

9. Upon information and belief, Defendant, THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT, is a corporation organized under the laws of New Jersey with a principal executive office at 7 Willow Grove Road, Shamong, New Jersey 08088.

10. Upon information and belief, Defendant, THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT, is a corporation authorized to do business under the laws of New Jersey.

11. Upon information and belief, Defendant MANNY MONTIERO owns and/or operates THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT.

12. Upon information and belief, Defendant MANNY MONTIERO is the Chairman of the Board of THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT.

13. Upon information and belief, Defendant MANNY MONTIERO is the Chief Executive Officer of THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT.

14. Upon information and belief, Defendant MANNY MONTIERO is an agent of THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT.

15. Upon information and belief, Defendant MANNY MONTIERO has power over personnel decisions at THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT.

16. Upon information and belief, Defendant MANNY MONTIERO has power over payroll decisions at THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT.

17. Defendant MANNY MONTIERO has the power to hire and fire employees at THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT, establish and pay their wages, set their work schedule, and maintains their employment records.

18. During all relevant times herein, Defendant MANNY MONTIERO was Plaintiff's employer within the meaning of the FLSA, NJWHL and NJWPL.

19. On information and belief, THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been

moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

20. Plaintiff GABRIEL MORALES was employed by Defendants at THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A SHAMONG DINER & RESTAURANT, from in or around April 2017 until in or around December 2019.

21. During Plaintiff GABRIEL MORALES'S employment by Defendants, Plaintiff's primary duties were as a cook and kitchen worker, and performing other miscellaneous duties from in or around April 2017 until in or around December 2019.

22. Plaintiff GABRIEL MORALES was paid by Defendants approximately $15.00 per hour from in our around April 2017 until in or around December 2019.

23. As such, Plaintiff GABRIEL MORALES worked approximately sixty-eight (68) to hours per week for Defendants from in or around April 2017 until in or around December 2019.

24. Although Plaintiff GABRIEL MORALES worked approximately sixty-eight (68) hours or more per week during his employment by Defendants from in or around April 2017 until in or around December 2019, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

27. Collective Class: All persons who are or have been employed by the Defendants as kitchen workers and cooks, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants at 7 Willow Grove Road, Shamong, New Jersey 08088, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

28. Upon information and belief, Defendants employed approximately 40 employees within the relevant time period who were subjected to similar payment structures.

29. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

30. Defendants' unlawful conduct has been widespread, repeated, and consistent.

31. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

32. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NJWHL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

34. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

35. The claims of Plaintiff are typical of the claims of the putative class.

36. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

40. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

41. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

42. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

43. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

44. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New Jersey Wage and Hour Law

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWHL.

48. Also as described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance with the NJWHL's overtime provisions.

49. Plaintiff, and any FLSA Plaintiff, who opts-in to this action, is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

50. Plaintiff, and any FLSA Plaintiff who opts-in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL's overtime provisions.

## **PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the NJWHL, and the NJWPL, and their regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216, NJWHL, and NJWPL;

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 5th day of August 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GABRIEL MORALES, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A
SHAMONG DINER & RESTAURANT, and MANNY MONTIERO, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**
**THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY D/B/A**
**SHAMONG DINER & RESTAURANT**
**7 WILLOW GROVE ROAD**
**SHAMONG, NEW JERSEY 08088**

**MANNY MONTIERO**
**7 WILLOW GROVE ROAD**
**SHAMONG, NEW JERSEY 08088**