

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415
Tel. (718) 263-9591 Fax. (718) 263-9598

July 9, 2021

**Via ECF**
The Honorable District Judge Noel L. Hillman
United States District Court
District of New Jersey
4th & Cooper Streets
Camden, New Jersey 08101

Re: **Morales v. The Unique Beginning Caterers LLC**
**1:20-CV-10026 (NLH)(SAK)**

Dear Judge Hillman:

Our office represents Gabriel Morales ("Plaintiff" or "Morales") in the above-captioned action against The Unique Beginning Caterers LLC d/b/a Shamong Diner and Emmanuel Montiero s/h/a Manny Montiero ("Defendants"), and we submit this unopposed letter motion to request the Court's approval of the settlement agreement ("Settlement Agreement"), between the parties and dismissal of this action. The Settlement Agreement attached hereto as **Exhibit 1** memorializes the terms negotiated between the parties during their court-annexed mediation on June 10, 2021.

## I.    Settlement Terms

The parties reached a settlement to resolve all claims asserted in this matter for $30,000.00, including attorneys' fees (which are addressed below) in one payment 15 days from receiving the Court's approval of the Settlement Agreement and dismissal of this action.

## II.    The Parties' Positions

### a.  Plaintiff's Position

Plaintiff alleged that he was employed by Defendants as a cook and kitchen worker for approximately two years and five months within the three-year statutory period under the Fair Labor Standard Act ("FLSA"). In general, Plaintiff alleged that Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40) in violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL").

Plaintiff alleged that he was regularly required to work approximately sixty-eight (68) hours per week. Further, Plaintiff alleged that he was not an exempt employee under the FLSA or NJWHL and, as such, Defendant was required to pay Plaintiff a regular hourly rate at or above the applicable minimum wage for his first forty hours and a rate not less than time-and-a-half his regular hourly rate for his overtime hours. Plaintiff claimed that he was paid the same regular hourly rate of $15.00 per hour for all hours worked, including those in excess of 40 hours per week. As such, Plaintiff alleged that he was not properly compensated for approximately 28 hours of overtime for each week of his employment during the relevant statutory period and was owed approximately $7.50 for each such hour of overtime.

Based on the foregoing, Plaintiff alleged approximately $26,369.00 in unpaid overtime wages owed to him, exclusive of any potential penalties or interest. Although Plaintiff was confident that he could recover the full amount of alleged wages owed to him, Plaintiff preferred to resolve this matter with a guaranteed lump sum settlement payment in the near future rather than the uncertainty of trial at a much later date. Plaintiff also recognized the defenses raised by Defendants, including their argument that he may be an overtime-exempt employee based on his duties, and the factual disputes over the number of hours that Plaintiff worked and the pay that he received. Plaintiff understood that if Defendants were successful on any such defenses or if a jury resolved factual disputes in Defendants' favor, Plaintiff may have recovered less or nothing at all at a time of trial. This risk favored accepting the mediator's proposal at the June 10, 2021 Court-annexed mediation. Moreover, under the Settlement Agreement, Plaintiff will recover close to 75% of his alleged unpaid wages – a number which was strongly contested by Defendants.

### b. Defendants' Position

Defendants contend that Morales was initially hired as a kitchen worker in August 2010 and, over time, progressed from being an assistant cook to the kitchen manager at the diner. During the time period relevant to Morales's claims, Morales was primarily responsible for the oversight and management of the kitchen operations at the diner, which included regularly directing the work of kitchen staff members. Morales was not paid hourly and, instead, was paid a fixed weekly amount ($1,100), plus discretionary bonuses. For these reasons, Defendants contend that under 29 U.S.C. § 213(a)(1) and N.J.S.A. 34:11-56a4(1), Morales was exempt from the overtime compensation requirements of the FLSA and NJWHL.

Even assuming that Morales was entitled to overtime compensation, Defendants dispute the facts underlying Morales's damages claim. Morales's damages claim is based on approximately 126 working weeks during the period of August 2017 through December 2019. Defendants contend that Morales incorrectly includes several weeks in January of 2018 and 2019 when the diner was closed, as well as other time that Morales did not work, and the actual number of working weeks during the period for which Morales seeks overtime pay is 118. Further, Defendants contend that Morales did not work as many hours as he claims. Morales seeks overtime pay based on a 68-hour work week. However, Defendants contend that Morales worked between 8 and 10 hours per day, 6 days per week. Accordingly, Defendants assert that Morales worked 54 hours per week, not 68 hours per week as claimed by Morales. Defendants further contend that Morales was paid more than he acknowledges. Defendants assert that

during the 118-week period relevant to Morales's claims, he was paid more than $130,000, which is considerably greater compensation than he claims he should have been paid.

Additionally, Defendants assert that Defendants Monteiro provided Morales rent-free lodging in a house adjacent to the diner from late 2017 through December 2019. Defendants never demanded or received any compensation from Morales for this housing accommodation. Defendants contend that the cost of the rent-free lodging provided to Morales constitutes "wages" under the FLSA, which Morales fails to account for in his damages claim.

Although Defendants are confident in their defenses and dispute Morales' claim, Defendants prefer to avoid the risk, cost, and uncertainty of litigation by settling this matter. For this reason, after good faith, arm's length negotiations, with the assistance of a Court approved mediator, Defendants have agreed to settle this action for the total sum of $30,000.

### III.    The Settlement Agreement is a Fair and Reasonable Resolution of Bona Fide Factual Disputes

#### a.  There are bona fide disputes over legal and factual issues

As elucidated above, the parties had disputes over both the legal and factual issues concerning this matter. Defendant disputed nearly every one of Plaintiff's allegations, including Plaintiff's rates of pay, and the number of hours worked by Plaintiff each week. The only way to have resolved these outstanding disputes would have been through costly motion practice followed by extensive trial preparation and a trial potentially lasting multiple days.

The parties maintained their positions despite their disagreements on the issues raised, but sought resolution through a carefully negotiated settlement through the Court-annexed mediation program rather than continue to incur legal fees in discovery, motion practice and pre-trial preparation for the foreseeable future.

#### b.  The terms of the settlement are fair and reasonable

Although Plaintiff was confident that he could recover the full amount of his alleged unpaid wages at the time of trial, Plaintiff recognized the risks of proceeding with litigation.

Defendant vehemently disputed Plaintiff's allegations and maintained that he was properly compensated for all hours worked during his employment.

The global settlement amount of $30,000.00 reflects a compromise between the parties over their disputes as to whether Plaintiff was entitled to any recovery and exactly how much he could have recovered if successful at trial. The parties maintained *bona fide* disagreements on the key facts surrounding Plaintiff's claims and the settlement amount takes into account the aforementioned risks while falling squarely within Plaintiff's range of possible recovery.

**IV.**    **Plaintiff's Recovery and Requested Attorneys' Fees**

The parties agreed to settle all claims asserted in this matter for $30,000.00. After requested attorneys' fees and reimbursement of expenses, Plaintiff will receive $19,234.67.

Plaintiff's counsel respectfully requests an award of attorneys' fees of one-third of the settlement fund after expenses have been deducted.

Additionally, Plaintiff's counsel respectfully requests reimbursement of $1,148.00, for identifiable expenses, which include the District of New Jersey filing fee ($400.00), the costs of personally serving Defendant through their process server ($298.00), and the cost of the June 10, 2021 mediation ($450.00).

Therefore, the total amount to be paid to Plaintiff's counsel, including reimbursement of expenses, is $10,765.33.

The breakdown of the Settlement Amount into its component parts, would then be as follows:

**Settlement Amount:** $30,000.00
**Attorneys' Expenses:** $1,148.00
**Settlement less Expenses:** $28,852.00 ($30,000.00 - $1,148.00)
**Requested Attorneys' Fees:** $9,617.33 ($28,825.00 / 3)
**Total payable to Attorneys:** $10,765.33 ($9,617.33 + $1,148.00)
**Total payable to Plaintiff:** $19,234.67

Plaintiff's counsel and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NJWHL claims are routinely approved by courts in the Third Circuit and fall within the range of reasonable allocations in the context of awards granted in other, similar cases. *See Bredbenner v. Liberty Travel*, 2011 U.S. Dist. LEXIS 38663 at *52. The attorneys' fees request of one-third of the settlement fund also comports with privately negotiated contingent fees negotiated on the open market. *Id.* at *60.

Here, Plaintiff's counsel is seeking attorneys' fees in the amount of one-third of the settlement total, pursuant to the retainer agreement entered into with the client. Since one-third is the standard amount allowed to attorneys in FLSA and NJWHL cases, and the Plaintiff entered into a contract for this amount with his counsel, this amount is fair and reasonable.

**V.**     **Closing**

In closing, the parties respectfully submit that the terms of the Settlement Agreement are fair and reasonable, including the request for Plaintiff's attorneys' fees, and therefore request that the Court approve, or so order, the Agreement and dismiss this action with prejudice. A Stipulated Order Approving Settlement and Dismissing Action with Prejudice is also enclosed for your consideration, as **Exhibit 2**.

Respectfully submitted,


___/s/_____
Roman Avshalumov, Esq.
*Attorneys for Plaintiff*