## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is entered into by and between Gabriel Morales ("Plaintiff") and The Unique Beginning Caterers Limited Liability Company d/b/a Shamong Diner & Restaurant and Emmanuel Monteiro (collectively, "Defendants"). Plaintiff and Defendants are referred to collectively in this Agreement as the "Parties."

WHEREAS, Plaintiff is an adult individual residing in the State of New York;

WHEREAS, The Unique Beginning Caterers Limited Liability Company is a limited liability company organized under the laws of the State of New Jersey;

WHEREAS, Emmanuel Monteiro is an adult individual residing in the State of New Jersey and a member and manager of The Unique Beginning Caterers Limited Liability Company;

WHEREAS, Plaintiff filed a lawsuit against Defendants in the United States District Court for the District of New Jersey (the "Court"), captioned *Gabriel Morales v. The Unique Beginning Caterers Limited Liability Company d/b/a Shamong Diner & Restaurant, et al.*, No. 1:20-cv-10026 (the "Lawsuit"), in which Plaintiff asserts claims against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New Jersey Wage and Hour Law, *N.J.S.A.* 34:11-56a *et seq.* (the "NJWHL"), seeking unpaid overtime pay, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest ("Plaintiff's Claims");

WHEREAS, Plaintiff initially styled the Lawsuit as putative collective action under 29 U.S.C. § 216(b) on behalf of similarly situated employees but is no longer seeking to assert claims on behalf of any putative collective action class;

WHEREAS, Defendants deny the allegations made against them in the Lawsuit and deny any liability to Plaintiff under the FLSA or the NJWHL;

WHEREAS, bona fide disputes exist between the Parties regarding whether and to what extent Plaintiff is entitled to relief under the FLSA or the NJWHL, including a dispute regarding whether Plaintiff is exempt from coverage under the FLSA and NJWL and a dispute concerning the number of hours worked by Plaintiff;

WHEREAS, the Parties have exchanged information regarding Plaintiff's Claims, engaged in settlement discussions, and participated in mediation proceedings with Eric Max, a Court-approved mediator; and

WHEREAS, the Parties desire by this Agreement, subject to approval by the Court, to compromise, settle, and resolve Plaintiff's Claims on the terms set forth in this Agreement, which the Parties agree are fair, reasonable, and in their mutual interests;

NOW, THEREFORE, in consideration of the respective covenants, undertakings, mutual promises, representations, and conditions contained herein, and intending to be legally bound hereby, the Parties agree as follows:

1. <u>Settlement Payments.</u>  Within 15 days after the latest of (i) the Parties' full execution of this Agreement, (ii) Defendants' receipt of completed and signed Internal Revenue Service Forms W-9 from Plaintiff and Plaintiff's counsel, and (iii) the entry of an order by the Court approving this settlement, Defendants shall pay the total sum of $30,000.00, by way of two checks: (i) one in the amount of $19,234.67 payable to "Gabriel Morales" and (ii) one check in the amount of $10,765.33 payable to Plaintiff's attorneys, "Helen F. Dalton & Associates, P.C." (collectively, the "<u>Settlement Payments</u>").  The Settlement Payments shall be sent via

overnight delivery to Helen F. Dalton & Associates, P.C., attention: James O'Donnell, Esquire, 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

2. <u>No Other Amounts Due.</u>  The Settlement Payments set forth in Paragraph 1 above are intended to resolve all amounts that have been, could have been, or could be claimed by Plaintiff against Defendants or any of the other Releasees (defined below), including, but not limited to, any claims for wages, overtime compensation, bonuses, liquidated damages, attorneys' fees, interest, back pay, front pay, and any other amounts Plaintiff has sought or could seek to recover against Defendants under the FLSA, the NJWHL, or otherwise.  Plaintiff agrees that, other than the Settlement Payments set forth in Paragraph 1 above, neither Defendants nor any of the other Releasees owes him any additional amounts.

3. <u>Tax Indemnification.</u>  Plaintiff acknowledges that he has not received any tax advice from Defendants or their counsel with respect to the Settlement Payments set forth in Paragraph 1 above, acknowledges that he shall be solely responsible for any federal, state, or local taxes payable with respect to the Settlement Payments, acknowledges that Defendants are not withholding any taxes on the Settlement Payments, and hereby agrees to indemnify, defend, and hold harmless Defendants with respect to any federal, state, or local taxes that may be due in respect of the Settlement Payments and any penalties that may be assessed against Plaintiff or Defendants as a result of Defendants not withholding taxes on the Settlement Payments or as a result of any taxing authorities characterizing the Settlement Payments in a manner differently from Plaintiff or Defendants.

4. <u>Release.</u>  In consideration of Defendants' promise to pay the Settlement Payments as set forth in Paragraph 1 above, Plaintiff hereby unconditionally releases and forever discharges (i) The Unique Beginning Caterers Limited Liability Company and its members,

managers, employees, agents, and affiliates, (ii) Emmanuel Monteiro, individually and in his official capacity as a member and manager of The Unique Beginning Caterers Limited Liability Company, and (iii) as to the foregoing, all of their respective predecessors, successors, heirs, and assigns (collectively, the "Releasees") from any and all claims, demands, causes of action, liabilities, judgments, obligations, losses, debts, charges, and expenses (including attorneys' fees and disbursements of counsel and other professionals) of any and every nature whatsoever, whether currently known or unknown, suspected or unsuspected, foreseen or unforeseen, matured or un-matured, accrued or not accrued, whether in law or equity, that Plaintiff ever had, now has, or hereafter may have against the Releasees arising under any federal, state, or local wage and hour or labor laws, regulations, or executive orders, or under any contract from the beginning of time to the date this Agreement is executed by the Parties, including without limitation, Plaintiff's Claims.

5.  Court Approval and Dismissal of Action. Within 7 days of the Parties' full execution of this Agreement, Plaintiff shall seek approval of the Parties' settlement by the Court and the entry of a Stipulated Order Approving Settlement and Dismissing Action with Prejudice in the form attached hereto as Exhibit A.

6.  Agreement Not an Admission. The Parties' settlement and this Agreement have been entered into to compromise disputed claims, without any admission or concession of liability or non-liability. Nothing in this Agreement may be deemed to constitute an admission or acknowledgment concerning Defendants' wage payment policies, procedures, or practices or the application of the FLSA or the NJWHL to such policies, procedures, or practices or serve as precedent or evidence to prove or interpret any such policies, procedures, or practices. The Parties have agreed to settle all disputes as are enumerated herein strictly as a compromise

unrelated to the merits of the respective disputes. This Agreement is without prejudice or value as precedent and shall not be used in any proceeding to create, prove, or interpret obligations under any laws, regulations, or contract.

7. <u>Entire Agreement.</u> This Agreement contains the complete and entire agreement between and among the Parties with regard to the matters set forth herein and supersedes all prior discussions, agreements, and understandings, whether oral or written, between or among the Parties.

8. <u>Successors in Interest.</u> This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and/or assigns of each of the Parties.

9. <u>Application of Agreement Only to Parties.</u> This Agreement is intended to confer rights and benefits only on the Parties and the Releasees. No individual or entity other than the Parties and the Releasees shall have any legally enforceable rights under this Agreement.

10. <u>Governing Law and Venue.</u> This Agreement shall be governed by and construed in accordance with the laws of the State of New Jersey and, as applicable, the federal law of the United States of America. Any action brought in connection with this Agreement shall be brought only in a court of competent jurisdiction within the State of New Jersey.

11. <u>Amendments.</u> This Agreement may not be modified, changed, contradicted, added to, or altered in any way by any previous written or oral agreements or any subsequent oral agreements. This Agreement may be modified or amended only pursuant to a writing executed by the Parties.

12. <u>No *Contra Proferentem*.</u> The determination of the terms of, and the drafting of, this Agreement have been by mutual agreement after negotiation, with the participation of all

Parties, assisted by their respective counsel.  Accordingly, this Agreement will be considered neutral and no ambiguity will be construed in favor of or against any of the Parties.

      13.      Severability.  Should any provision of this Agreement, excluding the release language, be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

      14.      Headings.  The headings of paragraphs are for reference purposes only and shall be disregarded when resolving any dispute concerning the meaning or interpretation of this Agreement.

      15.      Counterparts.  This Agreement may be signed in two or more counterparts, which counterparts when taken together shall constitute a single integrated Agreement.  Electronic signatures are authorized.

      16.      Acknowledgment.  Each of the Parties acknowledges and agrees that he or it has consulted with counsel prior to executing this Agreement, knows and understands the provisions of this Agreement, and is entering into this Agreement knowingly, voluntarily and of his or its own free will, and intending to be legally bound.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the last date set forth below.

_____
Gabriel morales (Jul 2, 2021 09:38 EDT)
GABRIEL MORALES

Date: 7/2/2021


_____
THE UNIQUE BEGINNING CATERERS
LIMITED LIABILITY COMPANY

By: Emmanuel Monteiro
Its: Member and Manager

Date: _____


_____
EMMANUEL MONTEIRO

Date: _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the last date set forth below.

_____
GABRIEL MORALES

Date: _____

*[signature]*
_____
THE UNIQUE BEGINNING CATERERS
LIMITED LIABILITY COMPANY

By:   Emmanuel Monteiro
Its:   Member and Manager

Date:   07/07/2021

*[signature]*
_____
EMMANUEL MONTEIRO

Date:   07/07/2021

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL MORALES, | : |
| | : |
| Plaintiff, | : Civil Action No. 1:20-cv-10026 |
| | : |
| v. | : |
| | : |
| THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY, et al., | : |
| | : |
| Defendants. | : |

**STIPULATED ORDER APPROVING SETTLEMENT
AND DISMISSING ACTION WITH PREJUDICE**

It is hereby STIPULATED by Plaintiff, Gabriel Morales, and Defendants, The Unique Beginning Caterers Limited Liability Company, d/b/a Shamong Diner & Restaurant and Emmanuel Monteiro (collectively, the "Parties"), by and through their respective undersigned counsel, and ORDERED by the Court as follows:

1. In this action, Plaintiff asserts claims against Defendants under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the New Jersey Wage and Hour Law, *N.J.S.A.* 34:11-56a *et seq.* (the "NJWHL"), seeking unpaid overtime pay, liquidated damages, attorneys' fees, costs, and pre- and post-judgment interest ("Plaintiff's Claims").

2. Defendants deny the allegations made against them in the Lawsuit and deny any liability to Plaintiff under the FLSA or the NJWHL.

3. The Parties agree and the Court finds that bona fide disputes exist between the Parties regarding whether and to what extent Plaintiff is entitled to relief under the FLSA or the NJWHL, including a dispute regarding whether Plaintiff is exempt from coverage under the FLSA and NJWL and a dispute concerning the number of hours worked by Plaintiff.

4. Following mediation with Court-approved mediator, Eric Max, the Parties have reached a settlement of Plaintiff's Claims, which is memorialized in the Settlement Agreement and Release attached hereto as <u>Exhibit 1</u>.

5. The Parties agree and the Court finds that the settlement, as set forth in the Settlement Agreement and Release, is fair and reasonable.

6. The Parties' settlement, as set forth in the Settlement Agreement and Release, is hereby APPROVED.

7. By agreement of the Parties and pursuant to Rule 41 of the Federal Rules of Civil Procedure, this action is hereby DISMISSED WITH PREJUDICE.

_____     _____
Roman M. Avshalumov     Joseph T. Kelleher
HELEN DALTON & ASSOCIATES, P.C.     Stradley Ronon Stevens & Young, LLP
80-02 Kew Gardens Road, Suite 601     2005 Market Street, Suite 2600
Kew Gardens, NY  11415     Philadelphia, PA  19103
Telephone:  (718) 263-9591     Telephone:  (215) 564-8034
Facsimile:  (718) 263-9598     Facsimile:  (215) 564-8120
Email:  avshalumovr@yahoo.com     Email:  jkelleher@stradley.com
*Counsel for Plaintiff*     *Counsel for Defendants*

BY THE COURT:

_____, J.

Date: _____