UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>THE UNIQUE BEGINNING CATERERS LIMITED LIABILITY COMPANY, d/b/a SHAMONG DINER & RESTAURANT, and MANNY MONTIERO,<br><br>    Defendants. | No. 1:20-cv-10026<br><br>OPINION |

**APPEARANCES**:

ROMAN M. AVSHALUMOV
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road
Suite 601
Kew Gardens, NY 11415

   *On behalf of Plaintiff.*

JOSEPH THOMAS KELLEHER
Stradley Ronon Stevens & Young, LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103

   *On behalf of Defendants.*

**O'HEARN, District Judge.**

## INTRODUCTION

This matter comes before the Court on Plaintiff Gabriel Morales' Unopposed Motion for Settlement Approval. (ECF No. 21). The Court did not hear oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Motion is **GRANTED**.

I. **BACKGROUND**

On August 5, 2020, Plaintiff Gabriel Morales ("Plaintiff") filed this action against Defendants The Unique Beginning Caterers LLC (which does business as "the Shamong Diner & Restaurant") and Manny Montiero (collectively, "Defendants") alleging that they failed to pay him overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), et seq. ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A 34:11-4.1, et seq. ("NJWPL"). (Complaint, ECF No. 1). Defendants answered Plaintiff's Complaint on September 25, 2020, denying all material factual allegations. (ECF No. 7).

Just a few weeks after entering fact discovery and following multiple court conferences, the parties began negotiating a settlement. These talks led to their joint request for referral to private mediation on April 26, 2021. (ECF No. 18). Mediation was successful, and on July 9, 2021, Plaintiff filed his Unopposed Motion for Settlement Approval. (ECF No. 21). Pursuant to the Court's Order, Plaintiff also filed an Affidavit of Counsel detailing counsel's work on this case and attaching Plaintiff's retainer agreement. (ECF No. 25).

As outlined in the Plaintiff's Motion, the parties' proposed agreement ("Settlement Agreement") settles all claims in this case for $30,000.00, with $19,234.67 allocated to the Plaintiff, and $10,765.33 allocated to Plaintiff's counsel for requested attorneys' fees and expenses. (Settlement Agreement, ECF No. 21-1).

II. **LEGAL STANDARDS**

A. **Settlement Approval in FLSA Litigation**

In the Third Circuit, FLSA claims can be settled in two ways: (i) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation under 29

U.S.C. § 216(c); or (ii) with the district court's approval of a settlement agreement under 29 U.S.C. § 216(b). *See, e.g.*, *Brumley v. Camin Cargo Control, Inc.*, Nos. 08–1798, 10–2461 and 09–6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). For a court to approve a settlement agreement, it must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.*

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," and not "a mere waiver of statutory rights brought about by an employer's overreaching." *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12–6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014) (quoting *Lynn's Food*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in this Circuit consider both whether the compromise is fair and reasonable to the employee, and whether the compromise otherwise frustrates the implementation of the FLSA. *See, e.g.*, *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-1771, 2015 WL 5853924, at *2 (D.N.J. Oct. 5, 2015).

Therefore, before approving a settlement of FLSA claims a court must determine that: (1) the settlement resolves a bona fide dispute; (2) the settlement is fair and reasonable to the Plaintiff; and (3) the agreement does not frustrate the implementation of the FLSA in the workplace.

### B. Approval of Attorneys' Fees and Expenses

Plaintiff's counsel is entitled to reasonable attorneys' fees as compensation for their work in recovering unpaid wages under the FLSA. *See* 29 U.S.C. § 216(b). To determine the reasonableness of an attorneys' fee award in an FLSA action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the

3

wronged employee recovers under a settlement agreement." *Brumley*, 2012 WL 1019337, at *9 (citations omitted). In Third Circuit FLSA litigation, courts have used both the "lodestar" formula and the percentage-of-recovery method in evaluating the reasonableness of attorneys' fees. *See, e.g.*, *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2011) (using the "lodestar" formula); *Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (using the percentage-of-recovery method). When using the "lodestar" formula, courts "multiply[] the number of hours reasonably expended by a reasonable hourly rate." *Loughner*, 260 F.3d at 177. Under the percentage-of-recovery method, courts award attorneys' fees as a percentage of the total fund recovered. While fee awards have ranged from nineteen (19) percent to forty-five (45) percent of a total settlement in the Third Circuit, fee awards around thirty (30) percent are routinely found reasonable. *In re Chickie's & Pete's*, 2014 WL 911718, at *4; *Brumley*, 2012 WL 1019337, at *12 (collecting cases approving attorneys' fees around 30 percent).

### III. DISCUSSION

The Court now turns to whether it approves the Settlement Agreement and Plaintiff's counsel's request for attorneys' fees. For the reasons that follow, the Court approves both the agreement and the request for fees.

#### A. The Settlement Agreement

The Court approves the Settlement Agreement because it (1) resolves a bona fide dispute; (2) is fair and reasonable to the Plaintiff; and (3) does not frustrate the implementation of the FLSA in the workplace.[1]

---

[1] The Court construes Plaintiff's request for settlement approval as pertaining only to its claims under the FLSA, and not its state law claims, as court approval of a settlement of those claims is not required. *See, e.g.*, *Gabrielyan v. S.O. Rose Apartments LLC*, No. 15-1771, 2015 WL 5853924, at *2 n.1 (D.N.J. Oct. 5, 2015). Accordingly, this Opinion only discusses the settlement as it pertains to Plaintiff's FLSA claims.

*First*, the Settlement Agreement resolves a bona fide dispute. The parties are at odds on multiple legal and factual issues. For example, Defendants argue that Plaintiff is exempt from FLSA and NJWHL coverage because they paid him a fixed weekly wage, plus discretionary bonuses, rather than on an hourly basis as he contends. *See* 29 U.S.C. § 213(a)(1) and N.J.S.A. 34:11-56a4(1). Further, even if the laws apply, Defendants dispute both the number of weeks and the number of hours for which the Plaintiff claims not have been properly compensated. They also argue that Plaintiff fails to account for non-monetary compensation he received—namely, housing accommodations. Despite these deep disagreements, the parties sought a resolution that would avoid costly and time-consuming discovery and trial preparation. Because the Settlement Agreement accomplishes that goal, it resolves a bona fide dispute.

*Second*, the Settlement Agreement is fair and reasonable to the Plaintiff. Under the agreement, Plaintiff will receive $19,234.67—the net total after subtracting attorneys' fees and expenses—which amounts to nearly seventy-five (75) percent of the unpaid overtime wages he alleged Defendants owe him. (Motion for Settlement Approval, ECF No. 21, at 2, 4). Although from his perspective the agreement does not make Plaintiff completely whole, this settlement amount provides Plaintiff a substantial sum while accounting for litigation risks, which given the parties' deep factual disputes, include the potential for no recovery at all. To avoid these risks, the parties opted for a fair and neutral mediation process, which resulted in this Settlement Agreement. Because the settlement amount produced falls squarely within Plaintiff's possible range of recovery, but guarantees his substantial compensation, the Settlement Agreement is fair and reasonable to him.

*Third*, the Settlement Agreement does not frustrate the implementation of the FLSA in the workplace. The agreement contains none of the terms which Third Circuit courts have found

problematic in effectuating the FLSA's purposes, such as a restrictive confidentiality clause, *see, e.g.*, *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015), or an overly broad release provision,[2] *see, e.g.*, *Brumley*, 2012 WL 1019337, at *8–9. Absent terms like these, which disproportionately burden workers, the Settlement Agreement wholly accords with the purposes of the FLSA.

Accordingly, because the settlement agreement (1) resolves a bona fide dispute; (2) is fair and reasonable to the Plaintiff; and (3) does not frustrate the implementation of the FLSA in the workplace, the Court approves the parties' proposed settlement agreement

### B. Plaintiff's Counsel's Request for Attorneys' Fees

The Court approves Plaintiff's counsel's request for attorneys' fees because the request is reasonable both as a calculation using the lodestar formula, and as a percentage of the recovery.

Using the lodestar formula, Plaintiff's counsel's request for $9,617.33 is reasonable. Counsel reports attorneys having worked 34 hours—21.2 hours by a "Senior Managing Attorney" and 12.8 by a junior colleague—on Plaintiff's behalf (plus an additional 17.5 hours worked by paralegals), during which they drafted the Complaint and other filings, participated in mediation, and conferred with opposing counsel regarding this Settlement Agreement. (Affidavit of Roman Avshalumov, Esq., ECF No. 25). Multiplying 21.2 hours by $425.00 per hour and 12.8 hours by $250.00 per hour—both reasonable rates given the attorneys' relative experience and skill—amounts to $12,210.00. Adding another $1,312.50 for the 17.5 hours of paralegal work at a rate of $75.00 per hour, Plaintiff's counsel could reasonably request up to $13,522.00 for work on this

---

[2] The parties' proposed settlement agreement contains a release clause, (Settlement Agreement and Release, ECF No. 21-1, at 3–4), but unlike the overly broad clause in *Brumley*, the clause in the parties' agreement applies only retrospectively, not prospectively. 2012 WL 1019337, at *8–9.

matter. Thus, the request for only $9,617.33 is reasonable.

The request is also reasonable as a percentage of the recovery. Counsel has asked for one-third of Plaintiff's gross recovery as agreed in their retainer agreement. (ECF No. 25-2). Because the courts of this Circuit routinely approve attorneys' fees of around 30 percent of settlement funds in FLSA cases like this one, *In re Chickie's & Pete's*, 2014 WL 911718, at *4; *Brumley*, 2012 WL 1019337, at *12, Plaintiff's request for one-third, or 33.3 percent, is reasonable.

Because the request is reasonable both as a calculation using the lodestar formula and as a percentage of the recovery, the Court approves Plaintiff's counsel's request for fees. Counsel further requests $1,148.00 for expenses, including this Court's filing fee, the costs of serving Defendants, and mediation costs, which the Court approves.

## **CONCLUSION**

For the reasons expressed above, the Court **GRANTS** Plaintiff's Unopposed Motion for Settlement Approval. (ECF No. 21). An appropriate Order accompanies this Opinion.

*/s/ Christine P. O'Hearn*
CHRISTINE P. O'HEARN
United States District Judge
